# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Clemson Grande Lakefront Condominiums, LLC,<br><br>                                   Debtor. | C/A No. 11-07028-DD<br><br>Adv. Pro. No. 12-80003-DD |
| Clemson Grande Lakefront Condominiums, LLC,<br><br>                                   Plaintiff,<br><br>v.<br><br>First Financial Equities Commercial, LLC, Transamerica Equities, LLC, and James "Jim" Ludlow, individually,<br><br>                                   Defendants. | Chapter 11<br><br>**ORDER** |

This matter is before the Court for consideration of an Affidavit of Default ("Affidavit") filed by Clemson Grande Lakefront Condominiums, LLC ("Plaintiff") on June 1, 2012. This adversary proceeding was initiated on January 4, 2012, and a Summons to First Financial Equities Commercial, LLC, Transamerica Equities, LLC, and James "Jim" Ludlow, individually (collectively, "Defendants") was issued on January 5, 2012. Defendants' Answers were due February 6, 2012, and no Answers were filed with the Court. On May 25, 2012, the Court entered an Order requiring Plaintiff to explain the absence of progress in the proceeding or to file an affidavit of default and proposed order for judgment within fourteen (14) days. On June 1, 2012, Plaintiff filed an Affidavit of Default and Proposed Order.

Fed. R Civ. P. 55, made applicable to adversary proceedings by Fed. R. Bankr. P. 7055, provides:

(a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) **Entering a Default Judgment.**

    (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

    (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

        (A) conduct an accounting;
        (B) determine the amount of damages;
        (C) establish the truth of any allegation by evidence; or
        (D) investigate any other matter.

Thus, obtaining a default judgment is a two-step process. First, an affidavit of default must be filed requesting that the Clerk of Court enter a default. Fed. R. Civ. P. 55(a); Timothy B. McGrath, *Avoiding Common Errors When Seeking a Default Judgment*, ABI Journal, May 2012, pg 42. Once the Clerk has completed the entry of default, a Motion for Default Judgment and Proposed Order must be filed. *See* Fed. R. Civ. P. 55; McGrath, pg 42–43. The Court can consider the Motion and enter an Order Granting Default Judgment if appropriate. This procedure was not followed in this adversary proceeding. Here, the Court will construe the Affidavit of Default as a Motion for Default Judgment. In the future, a Motion for Default Judgment must be submitted.

The Motion for Default Judgment must be denied. The mere fact that a defendant is in default does not entitle the plaintiff to default judgment. *In re Rowell*, 440 B.R. 117, 119 (Bankr. D.S.C. 2010). *See also* Charles Alan Wright & Arthur M. Miller, 10A Fed. Prac. & Proc. § 2685

(3d ed. 2012). "Instead, the court must determine whether the default judgment *should* be granted and can conduct a hearing on the matter if it so chooses." *Rowell*, 440 B.R. at 119 (citing *Thanh v. Truong*, 271 B.R. 738, 742 (Bankr. D. Conn. 2002)) (alteration original). Courts are given broad discretion in determining whether a default judgment is proper. *In re Houng*, 2011 WL 6989900, at *6 (B.A.P. 9th Cir. 2011) (citing *Wells Fargo Bank v. Beltran (In re Beltran)*, 182 B.R. 820, 823 (B.A.P. 9th Cir. 1995)).

The adversary Complaint seeks to avoid a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). The Complaint alleges that on December 3, 2007, Plaintiff transferred $10,000 to Defendants to secure a $1,200,000 loan. Plaintiff's chapter 11 petition was filed on November 11, 2011.

> 11 U.S.C. § 548(a)(1)(B) provides:
>
> (a)(1)The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
> . . . .
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

Section 548 sets forth several requirements, one of which is that the transfer must have occurred on or within two years of the date the bankruptcy petition was filed. Plaintiff's Complaint

indicates that the transfer at issue occurred on December 3, 2007. The bankruptcy petition was filed November 11, 2011; thus, clearly more than 2 years elapsed between the transfer and the date of the bankruptcy filing. As a result, Plaintiff is not entitled to default judgment. Plaintiff's Motion for Default Judgment is denied, and the adversary proceeding is dismissed.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**06/07/2012**



Entered: 06/08/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina